IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD GRUWELL,<br>*Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-00792 |
| MIKAIL ISMAYILOV, RUSTAM ISMAYILOV AND GOLD STAR EXPRESS, LLC,<br>*Defendants.* | § § § § § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

**COME NOW** Defendants, Mikail Ismayilov, Rustam Ismayilov and Gold Star Express, LLC, and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Richard Gruwell v. Mikail Ismayilov, Rustam Ismayilov and Gold Star Express, LLC;* Cause No. DC-21-03458; In the 162nd District Court, Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1.      Defendants were provided a copy of Plaintiff's Original State Petition (the "Petition") on March 30, 2021. This Notice of Removal is filed within thirty (30) days of notice of the Petition and is timely filed under section 1446(b) of the United States Code. 28 U.S.C. § 1446(b). Defendants seek to remove the matter and are therefore the Removing Defendants.

## II.
## SNAP REMOVAL PURSUANT TO 28 U.S.C. 1441(b)(2)

2. District courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties upon the date of this Removal. When a diverse, or out-of-state, defendant removes a state court case to federal court before a non-diverse, or in-state defendant, is properly joined and served, removal is proper pursuant to the plain language in 28 U.S.C. section 1441(b)(2).

3. The U.S. Court of Appeals for the Fifth Circuit has affirmed the use of "snap removal" by an out-of-state defendant to remove a state court case to federal court before service is effectuated on in-state defendants. *See generally, Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, (5th Cir. Apr. 7, 2020). In *Texas Brine*, the Fifth Circuit eliminated all doubt when it expressly held that as long as all other prerequisites to removal are met, a non-forum defendant may remove a case so long as the forum defendant is not yet "properly joined and served" at the time of removal. *Id.* Pursuant to the plain language of 28 U.S.C. section 1441(b)(2), an out-of-state defendant served with process can immediately remove to federal court before in-state defendants are properly served and joined. *Id.* and 28 U.S.C. § 1441(b)(2).

4. Plaintiff Richard Gruwell was a citizen of Tarrant County, Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

5. Defendant Mikail Ismayilov was a citizen of the State of Georgia at the time this action was filed. Consequently, Defendant Mikail Ismayilov was at the time this action was commenced, and is currently, a citizen of the State of Georgia.

6. Defendant Rustam Ismayilov was a citizen of the State of Georgia at the time this

action was filed. Consequently, Defendant Mikail Ismayilov was at the time this action was commenced, and is currently, a citizen of the State of Georgia.

7.  Defendant Gold Star Express, LLC, is a limited liability company, having its principal place of business now, and at the time this action was commenced, in the State of Georgia. Defendant Gold Star Express, LLC, is now, and was at the time this action was commenced, a citizen of the State of Georgia and of no other state.

8.  Plaintiff in this action is a citizen of a different state from Defendants. Therefore, Defendants may remove the case to federal court since all other prerequisites for removal have been met.

### III.
### AMOUNT IN CONTROVERSY

9.  In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

10. Federal courts have held that cases of personal injury will subject a tortfeasor to possible exposure well beyond the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Further, in determining whether a personal injury suit presents an amount in controversy within federal jurisdiction limits, a court may look to damage awards in similar cases. *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 n.8 (E.D. Tex. 1996) (citing *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F. Supp. 1430, 1431 (E.D.Tex. 1995); *De Aguilar v. Boeing Co.*, 790 F. Supp. 693, 694 (E.D.Tex. 1992), *aff'd,* 11 F.3d 55 (5th Cir. 1993). A court may review a petition regarding a plaintiff's alleged damages to determine the amount in controversy. *See Salinas v. Allstate Vehicle and Prop. & Ins. Co.*, CASE NO. 7:15-CV-434, 2016 WL 8650475 at *2 (S.D. Tex. Sept. 28, 2016) (holding the Plaintiff sought attorney's fees as well as punitive damages available under statute, which added together exceeded the $75,000.00 amount in controversy). Based on Plaintiff's claimed damages, it is clear that Defendant will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

11. A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiff's Petition alleges damages between $250,000.00 and $1,000,000.00. (Pl. Orig. Pet., ¶ 2). Plaintiff claims relief in a monetary amount between $250,000.00 and $1,000,000.00 for: past and future medical expenses, lost wages in the past, loss of earning capacity in the future, disfigurement, past and future physical impairment, past and future physical pain and suffering, past and future mental anguish; property damage and loss of use damages; pre- and post-judgment interests; and costs of court. (Pl. Orig. Pet. ¶ 11 at Page 6).

12. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level 3 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.3 (Pl. Orig. Pet., ¶ 1). Plaintiff has not affirmatively pled damages of $75,000.00 or less in this action.

13. Defendant asserts that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is plead between $250,000.00 and $1,000,000.00. (Pl. Orig. Pet., ¶ 2). Defendant asserts that the amount in controversy in this case is in excess of $75,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

14. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

15. By virtue of filing this Notice of Removal, the Removing Defendants do not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

16. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include certified copies of the Court's Docket Sheet and all pleadings to date.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

18.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Court Clerk of the 162nd Judicial District Court, Dallas County, Texas, promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendants Mikail Ismayilov, Rustam Ismayilov and Gold Star Express, LLC, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. section 1446, remove this action for trial from the 162nd Judicial District Court, Dallas County, Texas, to this Court, on this 7th day of April, 2021.

Respectfully submitted,

By:  /s/ *David L. Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS
MIKAIL ISMAYILOV, RUSTAM
ISMAYILOV AND GOLD STAR
EXPRESS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of April 2021, a true and correct copy of the foregoing document was forwarded via U.S. Mail to:

Lauren Jobin
Shelly Greco
Witherite Law Group, PLLC
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231-2228
*Counsel for Plaintiff*

/s/ *David L. Sargent*
**DAVID L. SARGENT**